UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


OLD WOODWARD HOUSING, LLC
and TIMOTHY HOLTON,

    Plaintiffs,

v.                                                                                    Case No. 15-13778

THE GREENHOUSE LEASING CO., LLC,                      HON. AVERN COHN
HYDROPONICS HOUSE, LLC, NICHOLAS
DELFRANCO, THOMAS DELFRANCO,
and MARTIN KARO

    Defendants.

_____/

## MEMORANDUM AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT MARTIN KARO'S MOTION TO DISSOLVE WRITS OF GARNISHMENT, (Doc. 87)

This is a garnishment action stemming from a business deal gone awry. The parties were partners in a failed venture to build a medical marijuana greenhouse.

### I.    BACKGROUND

On January 6, 2017, the Court entered a consent judgment against defendants, including Martin Karo, in the amount of $300,000, (Doc. 26). Plaintiffs have received $50,000 of that judgment and been trying to collect on the rest.

On April 20, 2017, plaintiffs issued a "Request and Writ for Garnishment" to Wells Fargo and Bank of America for accounts of defendant Martin Karo, (Docs. 48, 56).

Karo is a Pennsylvania resident, as is his wife and two children. He had bank accounts in Pennsylvania with Wells Fargo and Bank of America. These banks, like many, have branches in Michigan.

On May 2, 2017, Bank of America filed a garnishee disclosure that it owed Karo $7,306.02, (Doc. 42). On May 3, 2017, Wells Fargo filed a garnishee disclosure that it owed Karo $7,676.01, (Doc. 83).

## II. KARO'S MOTION TO DISSOLVE WRITS OF GARNISHMENT

On May 10, 2017, Karo filed a motion to dissolve the writs of garnishment as to Wells Fargo and Bank of America, (Doc. 87), to which plaintiffs responded, (Doc. 90).

The Court held a hearing on May 11, 2017. According to the parties' representations, Karo's accounts consist of:

- a joint checking account with his wife at Wells Fargo (~$7,000)
- two joint checking accounts with his son at Wells Fargo (~$200 each)
- a joint checking account with his daughter at Wells Fargo (~$200)
- an individual checking account at Bank of America (~$7,000)

Karo filed a reply, (Doc. 109), and, with the Court's leave, plaintiffs filed a surreply, (Doc. 116), to which Karo responded, (Doc. 118-2).[1]

In support, Karo attaches (1) two declarations, (Doc. 87 at 15-18; Doc. 118-3), and (2) a declaration of his wife, (Doc. 117). Plaintiffs attach (1) an account agreement for the Wells Fargo joint bank accounts, (Doc. 90-2), and (2) a portion of a ledger for Karo's account with his son, (Doc. 116-2).

---

[1] Plaintiffs sent the Court and Karo a reply to the surreply that was unfiled.

## III. DISPOSITION

For the reasons below, Karo's motion to dissolve the writs of garnishment, (Doc. 87), is GRANTED as to his joint bank account with his wife and DENIED as to the remaining bank accounts.

## IV. ARGUMENT OF PARTIES

Karo raises two defenses to the garnishments. First, Karo says the Court lacks jurisdiction to enforce garnishment under M.C.L. § 600.4011(1)(a) as the Karos are non-residents whose bank accounts were opened out-of-state. Karo relies on *Macatawa Bank v. Wipperfurth*, 294 Mich. App. 617, 620 (Mich. Ct. App. 2011) (deeming retirement accounts of a Florida married couple not garnishable in Michigan). Second, Karo says the joint account with his wife is a tenancy by the entireties and not subject to garnishment, citing Pennsylvania law.

As to the first point, plaintiffs respond "[t]he antiquated notion that a bank account is located in a particular state was put to rest" in *Acme Contracting, Ltd. v. Toltest, Inc.*, 2008 WL 4534175, at *4-7 (E.D. Mich. 2008) (Cox, J.) (finding bank accounts of an Ohio company garnishable in Michigan). Plaintiffs say Karo's accounts are garnishable anywhere that funds may be withdrawn, which includes Michigan. As to the second point, plaintiffs say the account agreement bars any exemption to garnishment and a husband debtor's interest in a joint account with his wife is still reachable, citing *In re Farmers' & Merchants' Bank of Grand Rapids*, 221 Mich. 243, 246 (Mich. 1922).

## V. DISCUSSION

### A. Garnishment of Non-Residents' Bank Accounts

As stated at the hearing, the Court is persuaded the reasoning of *Acme*, not *Macatawa*, is the better view. While § 600.4011(1)(a) requires personal property be "within the boundaries of this state" to be garnishable, the "situs" of a multi-state bank account subject to garnishment is anywhere that the funds may be withdrawn. Given the realities of modern banking, the Court predicts the Michigan Supreme Court would say the same.

### B. Accounts Subject to Garnishment

**1.**

As to garnishments of bank accounts in Michigan, see § 11.11, *Handling the Collection Case in Michigan*, I.C.L.E., 5th ed. (2016):[2]

> Creditors of a joint tenant can reach the debtor's interest in a bank account. *Guilds v Monroe County Bank*, 41 Mich App 616, 200 NW2d 769 (1972). There is a rebuttable presumption that joint bank account tenants are equal contributors and owners, and a garnishment order of one co-owner's assets applies only to his or her half of the funds. The nondebtor tenant can rebut the presumption by intervening in the action in a timely fashion. *Danielson v Lazoski*, 209 Mich App 623, 531 NW2d 799 (1995). However, keep in mind that property held by spouses as tenants by the entirety is not subject to garnishment, MCL 600.6023a, and that under MCL 557.151, accounts owned by spouses are presumed held in an estate by the entireties "unless an intent to do otherwise is affirmatively expressed." *DeYoung v. Mesler*, 373 Mich 499, 504, 130 NW2d 38 (1964); *see, e.g.*, *Zavradinos v. JTRB, Inc*, No 268570, 2007 Mich App LEXIS 2006 (Aug 23, 2007) (unpublished), *appeal denied*, 482 Mich 858, 753 NW2d 60 (2008).

While the precedent lacks consistency, the Court is convinced from a review of the authorities that a joint bank account held by spouses, and payable to each, is held in

---

[2] The Court sees no reason to consider choice of law—Karo reaches the same conclusion under Pennsylvania law and plaintiffs argue Michigan law applies.

the entireties absent contrary evidence. M.C.L. § 557.151 (stating "evidences of indebtedness . . . made payable to persons who are husband and wife . . . shall be held by such husband and wife in joint tenancy unless otherwise therein expressly provided"). There is none here.[3] Further, a bank account held in the entireties is not subject to garnishment for the debt of one spouse. See M.C.L. § 600.6023a ("Property described in . . . MCL § 557.151 . . . held jointly by a husband and wife as a tenancy by the entirety is exempt from execution under a judgment entered against only 1 spouse."). The joint Wells Fargo account of Karo and his wife is not garnishable.

**2.**

Nonetheless, the individual account of Karo at Bank of America (~$7,000) is garnishable. The joint accounts Karo has with his children at Wells Fargo (~$600) are garnishable to the extent of Karo's interest. See M.C.L. § 487.718 ("Deposits in a statutory joint account shall be subject to the rights of creditors of . . . owners of the funds to the extent of the ownership."). That is presumed to be half (~$300) absent contrary evidence, *Danielson v. Lazoski*, 209 Mich. App. 623, 626-29 (Mich. Ct. App. 1995), and there is none.

SO ORDERED.

> s/Avern Cohn
> AVERN COHN
> UNITED STATES DISTRICT JUDGE

Dated: July 7, 2017
   Detroit, Michigan

---

[3] Notably, a declaration of Karo's wife, (Doc. 117 at 2), reflects the majority of funds in the account derive from her paychecks and not his contributions.